# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JORDAN MOSEMAN, on behalf of himself and all others similarly situated, | ) ) ) | Case No. 3:17-cv-00481 |
| Plaintiff, | ) ) | |
| v. | ) ) | **COLLECTIVE AND CLASS** |
| U.S. BANK NATIONAL ASSOCIATION, | ) ) | **ACTION COMPLAINT** |
| Defendant. | ) ) | **JURY TRIAL DEMANDED** |
| | ) ) ) | |

Plaintiff Jordan Moseman ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and class action under Federal Rule of Civil Procedure 23 and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.*, against Defendant, U.S. Bank National Association ("Defendant" or "U.S. Bank"), its subsidiaries and affiliates, and alleges upon personal belief as to himself and his own acts, and as for all other matters, upon information and belief, and based upon the investigation made by his counsel, as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action to redress Defendant's violation of the FLSA and the NCWHA by knowingly suffering or permitting Plaintiff and other similarly situated workers (collectively, "Class Members") to work in excess of 40 hours per week without properly compensating them at an overtime rate for those additional hours. Plaintiff and Class Members worked for Defendant as Anti-Money Laundering/Bank Secrecy Act Preliminary Investigators (hereinafter "AML/BSA Preliminary Investigators") and/or Anti-Money Laundering/Bank Secrecy Act Special

1

Investigators ("hereinafter "AML/BSA Special Investigators") and other similar positions, regardless of their precise titles.

## JURISDICTION AND VENUE

2.     This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction." The Representative Plaintiff has signed an opt-in consent form to join this lawsuit, attached hereto as Exhibit A.

3.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

4.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b), because Defendant conducts business within this District and the actions and omissions giving rise to the claims pled in this Complaint occurred within this District.

## PARTIES

6.     Representative Plaintiff Jordan Moseman ("Plaintiff" or "Moseman") is an adult citizen and resident of North Carolina who worked for Defendant in Charlotte, North Carolina as an hourly paid AML/BSA Preliminary Investigator from on or about July 18, 2016 until October 16, 2016[1] and as a salaried AML/BSA Special Investigator from on or about October 17, 2016 through May 26, 2017.

7.     Throughout this period, Moseman was an "employee" of Defendant as defined by the

---

[1]     During the time Plaintiff worked for Defendant as an AML/BSA Preliminary Investigator, he was also jointly employed by Modis, Inc., a staffing agency that is not named as a defendant in this action.

2

FLSA, 29 U.S.C. § 203(e)(1) and NCWHA.

8.     Defendant U.S. Bank National Association, is a Minnesota corporation with its principal place of business located in Minneapolis, Minnesota. The company provides banking, investment, mortgage, trust, and payment services products to individuals, businesses, governmental entities, and other financial institutions nationwide.

9.     Defendant is covered by the provisions of the FLSA because it is an "enterprise engaged in commerce" under the FLSA, 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce and revenue that exceeds $500,000.00.

## FACTUAL ALLEGATIONS

10.     Plaintiff and Class Members are employees who worked for U.S. Bank as AML/BSA Preliminary Investigators, AML/BSA Special Investigators, or other similarly titled positions, during the statutory period. Plaintiff and Class Members all shared similar job titles, training, job descriptions, job requirements and compensation plans, among other things.

11.     Plaintiff's and Class Members' primary duty as AML/BSA Preliminary Investigators is the day-to-day monitoring of transactions and/or accounts that have been alerted as suspicious by U.S. Bank's internal systems to detect or rule out any suspicious money laundering or terrorist financing activities. More specifically, AML/BSA Preliminary Investigators conduct searches, gather data, and record evidence from U.S. Bank's internal systems, the internet, and commercial databases and makes recommendations regarding whether the alert warrants a full investigation by U.S. Bank and the filing of a Suspicious Activity Report.

12.     AML/BSA Special Investigators perform similar duties to AML/BSA Preliminary Investigators, except their investigations are initiated in response to requests from law enforcement, government, or other financial institutions to investigate the account transactions of

3

specific customers.

13.     U.S. Bank dictates and controls all aspects of Plaintiff's and Class Members' work, including their assignments, work schedules, and the amount of compensation they receive. U.S. Bank also controls the scheduling and timekeeping practices applicable to Plaintiff and Class Members.

14.     As an AML/BSA Preliminary Investigator, Plaintiff was paid a straight hourly rate for 40 hours of work per week. To meet U.S. Bank's productivity expectations, Plaintiff routinely logged into his laptop computer and performed work at home outside of the regular workday. U.S. Bank instructed Plaintiff not to record over 40 hours per week, regardless of the time Plaintiff actually worked. Despite the fact that Plaintiff worked more than 40 hours during given workweeks, he was not paid overtime for his off-the-clock work.

15.     As an AML/BSA Special Investigator, Plaintiff was paid on a salary basis. Despite the fact that Plaintiff worked more than 40 hours per week during given workweeks, he was not paid overtime.

16.     Pursuant to their scheme to deprive Plaintiff and Class Members of overtime pay, Defendant dictated, controlled, and ratified the wage and hour and all relative compensation policies that applied to Plaintiff and Class Members.

17.     Defendant encouraged, required, suffered, and/or permitted Plaintiff and Class Members to work, and they routinely did work, in excess of 40 hours in given workweeks without compensation for overtime wages earned at a rate of one and one-half times their regular rate.

18.     Defendant failed to create or maintain accurate records of all of the hours worked by Plaintiff and Class Members.

19.     Defendant was aware, or should have been aware, that Plaintiff and Class Members

4

performed non-exempt work that required payment of overtime compensation.

20.     Plaintiff and Class Members were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiff and Class Members in accordance with the requirements of the FLSA and NCWHA, Plaintiff and Class Members suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff brings this collective action on behalf of himself and all others similarly situated pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid wages, unpaid overtime compensation, liquidated damages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the FLSA.

22.     Plaintiff brings this action under the FLSA on behalf of the following two collective classes of similarly situated individuals:

> All individuals who worked for U.S. Bank as AML/BSA Preliminary Investigators, or any other similarly titled position, during the applicable statute of limitations period who were not paid overtime compensation for time worked in excess of forty (40) hours in given workweek; and

> All individuals who worked for U.S. Bank as AML/BSA Special Investigators, or any other similarly titled position, during the applicable statute of limitations period who were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks (collectively, the "FLSA Collectives").

23.     Plaintiff is a member of each of the FLSA Collectives he seeks to represent because he worked as both an AML/BSA Preliminary Investigator and AML/BSA Special Investigator during the relevant period and was routinely required, suffered or permitted to work more than 40 hours per week without proper overtime compensation.

24.     Although Plaintiff and the members of the FLSA Collectives may have worked in different

5

locations throughout the relevant period, this action may be properly maintained as a collective action because Plaintiff and members of the FLSA Collectives were similarly situated. Specifically:

     a.    Defendant required Plaintiff and the members of the FLSA Collectives to follow uniform U.S. Bank company policies, practices and directives;

     b.    Plaintiff and members of the FLSA Collectives were subject to the same compensation plans;

     c.    Plaintiff and members of the FLSA Collectives worked in excess of 40 hours per week;

     d.    Regardless of their work location, Defendant did not pay Plaintiff and members of the FLSA Collectives an overtime premium of one and one-half times their regular rate for all time worked in excess of 40 hours per week;

     e.    Defendant maintained common timekeeping and payroll systems and policies with respect to Plaintiff and members of the FLSA Collectives, regardless of their work location; and

     f.    Defendant failed to record the time actually worked by Plaintiff and members of the FLSA Collectives.

25.    Defendant encouraged, suffered, and/or permitted Plaintiff and members of the FLSA Collectives to work more than 40 hours per week without proper overtime compensation.

26.    Defendant knew or should have known that Plaintiff and members of the FLSA Collectives performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive Plaintiff and members of the FLSA Collectives of wages and overtime compensation.

27.    Defendant's conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

28.    Defendant is liable under the FLSA for failing to properly compensate Plaintiff and members of the FLSA Collectives. Plaintiff requests that the Court authorize notice to the members

6

of the FLSA Collectives to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

29.     Plaintiff estimates that there are well in excess of forty (40) similarly situated current and former members of each FLSA Collective nationwide who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

30.     The precise number of members of each FLSA Collective can be easily ascertained using Defendant's personnel, time, and payroll records and other records.  Given the composition and size of each of the FLSA Collectives, their members may be informed of the pendency of this action directly via U.S. mail, e-mail, and otherwise.

## NCWHA CLASS ALLEGATIONS

31.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), Plaintiff brings claims for relief on his own behalf and as a representative of two classes under the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq.*, to recover unpaid wages, unpaid overtime compensation, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the NCWHA.

32.     Plaintiff seeks class certification under Rule 23 for the following two classes under the NCWHA:

> All individuals who worked for U.S. Bank as AML/BSA Preliminary Investigators, or any other similarly titled position, in the state of North Carolina during the applicable statute of limitations period who were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks; and

> All individuals who worked for U.S. Bank as AML/BSA Special Investigators, or any other similarly titled position, in the state of North Carolina during the applicable statute of limitations period who were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks (collectively, the "NCWHA Classes").

7

33.    This action is properly maintained as a class action under Rule 23(a) and Rule 23(b) because:

      a.    The NCWHA Classes are so numerous that joinder of all members is impracticable;

      b.    There are questions of law or fact that are common to the NCWHA Classes;

      c.    The claims or defenses of the Plaintiff are typical of the claims or defenses of the NCWHA Classes; and,

      d.    The Plaintiff will fairly and adequately protect the interests of the NCWHA Classes.

**Numerosity**

34.    Upon information and belief, Plaintiff estimates that there are at least (40) putative class members in each NCWHA Class. The precise number of NCWHA Class members can be easily ascertained using Defendant's personnel, time, and payroll records and other records.

**Commonality**

35.    There are numerous and substantial questions of law and fact common to the NCWHA Class members, including, without limitation, the following:

      a.    Whether Defendant failed to pay the NCWHA Classes an overtime premium of one and one-half times their regular rate for all hours worked in excess of 40 hours per workweek;

      b.    Whether Defendant maintained common timekeeping and payroll systems and policies with respect to the NCWHA Classes, regardless of their work location;

      c.    Whether Defendant failed to keep true and accurate records of the amount of time the NCWHA Classes actually worked;

      d.    Whether Defendant willfully or recklessly disregarded the law in implementing its wage and hour policies applicable to the NCWHA Classes; and,

      e.    The nature and extent of the class-wide injury and the appropriate measure

8

of damages for the NCWHA Classes.

36.     Plaintiff anticipates that Defendant will raise defenses that are common to the NCWHA Classes.

## Adequacy

37.     Plaintiff will fairly and adequately protect the interests of all members of each of the NCWHA Classes, and there are no known conflicts of interest between Plaintiff and NCWHA Class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically in wage and hour litigation.

## Typicality

38.     The claims asserted by the Plaintiff are typical of the NCWHA Class members he seeks to represent. The Plaintiff has the same interests and suffers as a result of the same unlawful practices as the NCWHA Class members.

39.     Upon information and belief, there are no other NCWHA Class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can opt out of this action pursuant to Rule 23.

## Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits

40.     The common questions identified above predominate over any individual issues because Defendant's conduct and the impact of its policies and practices affected NCWHA Class members in the same manner: they were suffered and/or permitted to work overtime without overtime pay.

41.     A class action is superior to other available means for the fair and efficient adjudication of

9

this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expense and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

42.     On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

43.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

44.     Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

45.     Plaintiff and the members of each of the FLSA Collectives are similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 216(b).

46.     Section 207(a)(1) of the FLSA states that an employee must be paid an overtime rate equal to at least one and one-half times the employee's regular rate of pay for all hours worked in excess of 40 hours per week.

47.     Throughout the relevant period, Defendant violated the FLSA by routinely suffering or permitting Plaintiff and members of the FLSA Collectives to work overtime hours without paying them proper overtime compensation.

48.     Throughout the relevant period, Plaintiff and members of the FLSA Collectives worked in excess of 40 hours per week, but were not paid an overtime premium of one and one-half times their regular hourly rate for those additional hours.

49.     Plaintiff and members of the FLSA Collectives are not properly classified as exempt.

50.     Defendant failed to create or maintain accurate records of all the time Plaintiff and members of the FLSA Collectives worked in violation of the FLSA, 29 U.S.C. § 211(c).

51.     Defendant's violations of the FLSA, as described herein, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and members of the FLSA Collectives.

52.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

53.     Plaintiff and members of the FLSA Collectives have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

54.     As a result of the unlawful acts of Defendant, Plaintiff and members of the FLSA Collectives have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II

### VIOLATION OF THE NORTH CAROLINA WAGE AND HOUR ACT

55.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

56.     Plaintiff is a member of both NCWHA Classes, each of which meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

57.     It is unlawful under North Carolina law for an employer to require or permit an employee to work without paying compensation for all hours worked in violation of N.C. Gen. Stat. § 95-25.6.

58.     It is unlawful under North Carolina law for an employer to require or permit a non-exempt employee to work in excess of 40 hours per week without paying overtime in violation of N.C. Gen. Stat. § 95-25.4.

59.     Throughout the relevant period, Plaintiff and the NCWHA Class members worked in excess of 40 hours per week, but were not paid an overtime premium of one and one-half times their regular hourly rate for those additional hours.

60.     Defendant required, suffered and/or permitted Plaintiff and the NCWHA Class members to work in excess of 40 hours per week without proper overtime compensation.

61.     The positions of AML/BSA Preliminary Investigator and AML/BSA Special Investigator do not meet the standards for exemption under the NCWHA, N.C. Gen. Stat. § 95-25.14.

62.     Defendant, through its policies and practices described above, engaged in a widespread pattern, policy and practice of violating the NCWHA by:

    a.    Failing to pay Plaintiff and the NCWHA Class members their earned wages for all hours worked, in violation of N.C. Gen. Stat. § 95-25.6;

    b.    Failing to pay Plaintiff and the NCWHA Class members overtime pay, in violation of N.C. Gen. Stat. § 95-25.4;

    c.    Failing to make, keep, and preserve accurate time records with respect to the Plaintiff and the NCWHA Class members sufficient to determine their wages and hours in violation of N.C. Gen. Stat. § 95-25.15; and

    d.    Engaging in other practices which violated the NCWHA.

63.     Defendant's conduct, described above, constitute willful violations of the NCWHA, N.C. Gen. Stat. § 95-25.1 *et seq*.

64.     As set forth above, Plaintiff and the NCWHA Class members have sustained losses in compensation as a proximate result of Defendant's violations of the NCWHA. Accordingly, Plaintiff, on behalf of himself and the NCWHA Class members, seeks damages in the amount of their unpaid earned compensation, plus liquidated damages and interest at the legal rate set for in N.C. Gen. Stat. § 95-25.22(a) and (a)(1).

65.     Plaintiff, on behalf of himself and NCWHA Class members, seeks recovery of his attorneys' fees and costs, as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jordan Moseman, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against the Defendant and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

13

a. Certify a collective action of each of the FLSA Collectives under Count I and designate Plaintiff as the representative of all those employees similarly situated;

b. Order Defendant to furnish to counsel a list of all names, telephone numbers, email addresses and current (or best known) home addresses of the members of the proposed FLSA Collectives;

c. Authorize Plaintiff's counsel to issue notice at the earliest possible time informing the members of the FLSA Collectives that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of proper overtime compensation, as required by the FLSA;

d. Certify a class action of each of the NCWHA Classes under Count II;

e. Appoint Stephan Zouras, LLP as counsel for the NCWHA Classes under Rule 23(g);

f. Declare and find that Defendant committed one or more of the following acts:

    i. Violated overtime provisions of the FLSA by failing to pay proper overtime wages to Plaintiff and similarly situated persons who opt-in to this action;

    ii. Willfully violated provisions of the FLSA;

    iii. Violated overtime provisions of the NCWHA by failing to pay proper overtime wages to Plaintiff and NCWHA Class members; and

    iv. Willfully violated provisions of the NCWHA.

g. Award compensatory damages, including all pay owed, in an amount according to proof under the FLSA and NCWHA;

h. Award Plaintiff and all those similarly situated pre- and post-judgment interest at the statutory rate as provided by the NCWHA, N.C. Gen. Stat. § 95-25.22(a), and pursuant to the FLSA;

i. Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA and NCWHA;

j. Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and NCWHA;

14

k.  Grant leave to amend to add claims under applicable state and federal laws;

l.  Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

m.  For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 14, 2017                    Respectfully Submitted,


/s/ *Philip J. Gibbons, Jr.*
Philip J. Gibbons, Jr.
North Carolina Bar No. 50276
STEPHAN ZOURAS, LLP
15720 Brixham Hill Ave., Suite 331
Charlotte, NC 28277
(704) 612 0038
pgibbons@stephanzouras.com

James B. Zouras
Teresa M. Becvar
STEPHAN ZOURAS, LLP
205 North Michigan Avenue, Suite 2560
Chicago, Illinois 60601
(312) 233 1550
jzouras@stephanzouras.com
tbecvar@stephanzouras.com

***Counsel for Plaintiff and the Putative Collective and Class***

15

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on August 14th, 2017, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

*/s/ Philip J. Gibbons Jr.*