IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JORDAN MOSEMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendant. | C.A. No. 3:17-CV-481-FDW-DCK |

**CONSENT ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION**

**Proceedings and Information Governed.**

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c) and agreed upon by and between Plaintiff Jordan Moseman ("Plaintiff") and U.S. Bank National Association ("U.S. Bank"), and their respective counsel. On behalf of himself and those similarly situated, Plaintiff makes claims about his and the duties of certain employees which involve the investigation of potentially suspicious activity for the purpose of U.S. Bank's deciding whether to file a Suspicious Activity Report ("SAR") when required by the Bank Secrecy Act ("BSA"). U.S. Bank represents, and Plaintiff does not dispute, that the BSA requires of U.S. Bank certain reports where they have a high degree of usefulness in criminal, tax or regulatory investigations or proceedings, or in the conduct of intelligence or counterintelligence activities, including analysis, to protect against international terrorism. As such, there may be criminal, regulatory, or even national security implications with respect to publicly disclosing certain information that may be subject to discovery in this action, and that there is a real and immediate interest in protecting such information from public disclosure. Because of the nature of Plaintiff's claims and U.S. Bank's

defenses thereto, this case requires the review of information the public disclosure of which may, among other things, provide a roadmap for or otherwise facilitate persons to engage in serious illegal or suspicious activity and evade U.S. Bank's risk-based controls for detecting potentially suspicious activity and reporting suspicious activity to the Financial Crimes Enforcement Network ("FinCEN"), a bureau of the U.S. Department of the Treasury, as mandated by the BSA.

2. This Order governs any document, electronically stored information ("ESI"), other information, thing, or testimony furnished by any party to any other party under Rule 34. The information that may be protected by this Protective Order includes all factual information disclosed in this action, including but not limited to: answers to interrogatories; answers to requests for admission; responses to and production of documents, ESI, information and things responsive to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; deposition testimony; and other documents, ESI, information and things produced, given, or filed in this action that are designated by a party as "Confidential" or "Highly Confidential" in accordance with the terms of this Protective Order, as well as any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Non-disclosure of Certain Information.**

3. U.S. Bank represents, and Plaintiff does not dispute, that the BSA absolutely prohibits U.S. Bank from disclosing certain information to anyone except its regulators and law enforcement, including whether or not it filed any particular SAR and any information that would reveal the existence of a SAR (the "BSA Disclosure Prohibition"). 31 U.S.C. §5318(g), 12 C.F.R. §21.11(k), 31 U.S.C. 1020.320(e), *see also* 75 Fed. Reg. 75593 (Dec. 3, 2010). Thus, no request for discovery shall be construed to seek production of any information subject to the BSA

Disclosure Prohibition, and U.S. Bank will not attempt to use any information subject to the BSA Disclosure Prohibition in this action or claim that any such information, if it could be used, could assist it in defending the claims in this action.

**Designation and Maintenance of Information.**

4. For purposes of this Protective Order, the term "Confidential Information" means any document, electronically stored information ("ESI"), other information, thing, or testimony that is comprised of medical, personal, personnel (for individuals who are not parties to this lawsuit) or proprietary information, trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor or which could be misused if not protected in accordance with Fed. R. Civ. P. 26(c), or other information required by law or agreement to be kept confidential. Confidential Information that is within the scope of this paragraph may be designated by the producing party as containing confidential information by placing on each page and each thing a legend substantially as follows: **"CONFIDENTIAL."** If it is not reasonable or practicable to place such a legend on every page, such as in the case of certain natively produced ESI, the producing party may comply with this designation requirement by conspicuously designating the file as **"CONFIDENTIAL."** Any document, ESI, other information, thing, or testimony may be designated as "Confidential Information" whether produced by U.S. Bank, Plaintiff, any opt-in Plaintiff who has joined this action as a "party plaintiff" under 29 U.S.C. § 216(b), or any non-party who receives a subpoena in connection with this action under Rule 45.

5. For purposes of this Protective Order, the term "Highly Confidential Information" means any document, electronically stored information ("ESI"), other information, thing, or testimony that reveals or concerns processes, thresholds, procedures, scenarios, decision-making

criteria or other information by which U.S. Bank detects potentially suspicious activity, investigates that activity, decides whether it is in fact suspicious, and determines whether to file a SAR as mandated by 31 U.S.C. §5318, 12 C.F.R. §21.11, and 31 C.F.R. §1020.320. This Highly Confidential Information may also concern law enforcement agencies and regulators. Such Highly Confidential Information could provide a roadmap or other guidance which persons could use to evade detection and thereby engage in serious criminal or terrorist activity. Highly Confidential Information that is within the scope of this paragraph may be designated by the producing party as containing Highly Confidential Information by placing on each page and each thing a legend substantially as follows: "**HIGHLY CONFIDENTIAL.**" If it is not reasonable or practicable to place such a legend on every page, such as in the case of certain natively produced ESI, the producing party may comply with this designation requirement by conspicuously designating the file as **"HIGHLY CONFIDENTIAL."** Any document, ESI, other information, thing, or testimony may be designated as "Highly Confidential Information" whether produced by U.S. Bank, Plaintiff, any opt-in Plaintiff who has joined this action as a "party plaintiff" under 29 U.S.C. § 216(b), or any non-party who receives a subpoena in connection with this action under Rule 45.

6. Information disclosed at a deposition may be designated as Confidential or Highly Confidential within the meaning of the preceding paragraphs by either: (a) indicating on the record at the deposition that the testimony is Confidential or Highly Confidential and subject to this Protective Order, or (b) notifying the other party in writing within ten business days of receipt of the transcript of the pages and lines and/or exhibits that contain Confidential or Highly Confidential Information. Unless the parties otherwise agreed at the conclusion of the deposition, the transcript and exhibits will be treated as Highly Confidential Information until the conclusion of the above ten business day period. If a party designates deposition testimony or exhibits as

Confidential or Highly Confidential, the designating party is responsible for notifying the applicable court reporter and videographer (if any) about such designation, and the designating party shall bear any costs associated with the designations.

7. In the event that Counsel for any party at any time believes that particular Confidential or Highly Confidential Information or material should cease to be so designated, Counsel shall notify the designating party, specifying the particular designation(s) in dispute and the bases for each such challenge. Counsel for the challenging and designating parties shall confer in good faith within ten business days of such notification, in an effort to resolve the matter by agreement. If no agreement is reached within ten business days thereafter, the designating party shall have the burden of moving and may file a motion that identifies the challenged Confidential or Highly Confidential material setting forth in detail the basis for the designation. The burden of persuasion in any such challenge proceeding shall be on the designating party. In the event such a motion is made, any disputed Confidential or Highly Confidential material shall remain subject to and protected by this Order until such motion is resolved.

8. Recognizing the significant burdens on the parties and the Court that designating information as confidential or highly confidential may create, each party shall exercise good faith and reasonable discretion in designating material as confidential or highly confidential.

**Inadvertent Failure to Designate.**

9. The inadvertent failure to designate or withhold any information as Confidential, Highly Confidential or privileged will not be deemed a waiver of a later claim or argument as to

its Confidential, Highly Confidential, or privileged nature and will not stop the producing party from designating such information as such at a later date in writing and with particularity. The information must be treated by the receiving party as privileged, Confidential, or Highly Confidential from the time the receiving party is notified in writing of the change in the designation until the parties agree, or the Court determines, such designation is not appropriate.

**Inadvertent Disclosure and Claw-Back Rights.**

10. As provided by the Federal Rules of Civil Procedure and applicable case law, if a party inadvertently produces a document, ESI, other information, thing, or testimony that contains information protected from disclosure under the attorney-client privilege or other privilege available at law, upon receipt of written notice requesting the "claw back" of such inadvertent production, the party receiving such information must immediately return all copies of the inadvertently produced documents and acknowledge no copies or electronic copies have been retained, within three (3) days of receipt of the "claw-back" request. Likewise, a producing party that inadvertently fails to designate a document, ESI, other information, thing, or testimony as Confidential or Highly Confidential may "claw back" any such information and may seek to designate the information as Confidential or Highly Confidential after the fact upon providing notice to the opposing party.

**Disclosure and Use of Confidential Information.**

11. Confidential Information may only be used for purposes of preparation, court hearing or other proceeding, trial, and appeal of this action; it may not be used under any circumstances, for any other case or action, or for any other purpose.

12. In addition to the Court and its personnel, but only as specifically provided below, Confidential Information may be disclosed by the receiving party only to the following individuals ("Qualified Persons"), provided that such individuals are informed of and agree to abide by the terms of this Protective Order: (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) in-house counsel for the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) consultants, mediators, and experts retained or employed to assist counsel for the parties specifically for and in the preparation of this litigation for hearing, trial or settlement, and the employees or agents for these consultants and experts (hereafter "Experts"); (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting or videography services, demonstrative exhibit preparation, or the creation of any computer database from documents; (g) the Defendant and its officials, the Plaintiff, and any opt-in Plaintiff who has joined this action as a "party plaintiff" under 29 U.S.C. § 216(b) who is actively participating in discovery; (h) the authors, addressees, or originators of the information designated as "Confidential"; and (i) other persons noticed for deposition or designated as witnesses for trial or any other hearing or proceeding in this litigation (hereafter "Witnesses") who, in counsel's determination, have a need to know the confidential information.

13. If an attorney desires to give, show, make available, or communicate information properly designated as confidential to any Experts or Witnesses, each person to whom the information is to be given, shown, made available, or communicated, must agree in writing in the form attached hereto as Exhibit A not to disclose to anyone who is not a Qualified Person any of the information set forth or contained in the material received and to be bound by the terms of this Protective Order. An executed copy of Exhibit A from each such individual shall be maintained by the attorney who obtained it and a copy will be provided to opposing counsel upon request.

**Disclosure and Use of Highly Confidential Information.**

14. Highly Confidential Information may only be used for purposes of preparation, court hearing or other proceeding, trial, and appeal of this action; it may not be used under any circumstances, for any other case or action, or for any other purpose.

15. In addition to the Court and its personnel, but only as specifically provided below, Highly Confidential Information shall be attorneys'-eyes-only information and may be disclosed by the receiving party only to the following individuals ("Qualified Parties"), provided that such individuals are informed of, agree to abide by the terms of this Protective Order, and execute Exhibit A below: (a) in-house counsel for U.S. Bank; (b) counsel of record for Plaintiff and U.S. Bank; (c) supporting personnel employed by (a) and (b) such as paralegals, legal secretaries, data entry clerks, and legal clerks; (d) Experts; (e) any persons requested by counsel to furnish court reporting or videographer services (hereinafter, "Court Reporters and Videographers"); and (f) the named Plaintiff Jordan Moseman, any opt-in Plaintiff who has joined this action as a "party plaintiff" under 29 U.S.C. § 216(b), U.S. Bank employee or former employee witnesses, or a U.S. Bank-designated witness at a 30(b)(6) deposition, whose deposition is noticed or who is designated as witnesses for trial or any other hearing or proceeding in this litigation ("Qualified Witnesses").

The Qualified Witnesses may only be shown Highly Confidential Information to which they reasonably believe they had permissible access as part of their job duties.

16. If an attorney desires to give, show, make available, or communicate information properly designated as highly confidential to any Experts, Court Reporters and Videographers, or to any Qualified Witnesses, each person to whom the information is to be given, shown, made available, or communicated must agree in writing by signing the form attached as Exhibit A not to disclose to anyone any of the information set forth or contained in the material received and to be bound by the terms of this Protective Order prior to being shown any such information. An executed copy of Exhibit A from each such individual shall be maintained by the attorney who obtained it and provided to counsel for the opposing party upon request.

**Filing or Introducing Confidential and Highly Confidential Information In Court.**

17. Any party intending to file with the Court or introduce at a hearing or trial any Confidential Information or Highly Confidential Information shall, at least five days before such filing or introduction (unless otherwise agreed by the parties): (a) request that the designating party change the "Confidential" or "Highly Confidential" designation, pursuant to the procedures for challenging designations set forth in this Protective Order, or (b) request that the designating party agree to appropriate redactions of confidential, highly confidential, personal, or identifying information from the document, ESI, other information, thing or transcript of testimony in order to permit its filing or introduction in Court, or (c) request that the designating party file with the Court a motion to file the information under seal. Counsel for the parties shall confer in good faith to attempt to reach a resolution that will permit use of the document, ESI, other information, thing, or transcript in Court without further intervention from the Court.

18. If such request is not granted or agreement cannot be reached, the party designating the information as confidential or highly confidential shall file a motion to file or introduce the information, in whole or in appropriate part, under seal pursuant to the Local Rules of the Court, the December 21, 2017 Case Management Order, any Standing Orders or other applicable Orders of the Court and controlling legal precedent.

19. If a motion to seal information marked "Highly Confidential" is not granted, the parties shall meet and confer in good faith to reach agreement on appropriate redactions or other measures to permit the filing or introduction of the information in Court without the disclosure of Highly Confidential Information. If counsel for the parties cannot agree, then the parties will jointly submit their dispute to the Court, which will resolve the issue.

20. Producing or receiving confidential or highly confidential information, or otherwise complying with the terms of this Protective Order, will not: (a) operate as an admission by any party that any particular confidential or highly confidential information contains or reflects trade secrets or any other type of proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to assert their rights under Federal and Local Rules, to move to compel the production of information or to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

21. Within thirty (30) calendar days after final judgment in this action, including the exhaustion of all appeals, or within thirty (30) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to return to the producing party or destroy all materials and documents containing confidential or highly confidential information and to certify to the producing party that this return has been done. The receiving party is further under an obligation to permanently delete any electronic copies of confidential or highly confidential information.

22. Outside counsel for any party, however, may retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order. If counsel for the parties cannot agree on the continued maintenance of the materials by counsel, then the parties will submit their dispute to the Court, which will resolve the issue.

23. With respect to confidential or highly confidential information produced by Defendant, Defendant or their counsel shall maintain copies for at least three years following dismissal or entry of final order. In the event that Plaintiff's counsel requests copies of such Confidential Information in connection with subsequent litigation between them and Plaintiff, any opt-in plaintiffs or class member regarding the lawsuit, Defendant or their counsel agree to produce the Confidential Information, subject to the terms of this Protective Order.

**Other Proceedings.**

24. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this

Protective Order who may be subject to a motion, subpoena, or other legal process purporting to require them to disclose another party's information designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

25. Any party may for good cause shown petition the presiding judge if the party desires relief from a term or condition of this Protective Order.

26. For any threatened breach or actual breach of this Protective Order, in addition to any other remedy available, a producing party will be entitled on an expedited basis to a preliminary injunction, injunction, or temporary restraining order prohibiting disclosure of confidential or highly confidential information.

AGREED TO BY:

| *s/James B. Zouras* | *s/ Elizabeth R. Gift* |
|---|---|
| Philip J. Gibbons, Jr. | Elizabeth R. Gift |
| STEPHAN ZOURAS, LLP | N.C. Bar No. 44331 |
| 15720 Brixham Hill Avenue | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| Suite 331 | |
| Charlotte, NC 28277 | 201 South College Street, Suite 2300 |
| pgibbons@stephanzouras.com | Charlotte, NC 28244 |
| | Telephone: (704) 342.2588 |
| James B. Zouras | Facsimile: (704) 342.4379 |
| Teresa M. Becvar | E-mail: elizabeth.gift@ogletree.com |
| STEPHAN ZOURAS, LLP | |
| 205 N. Michigan Avenue, Suite 2500 | A. Craig Cleland* |
| Chicago, IL 60601 | Erika L. Leonard* |
| jzouras@stephanzouras.com | Admitted Pro Hac Vice |
| tbecvar@stephanzouras.com | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| **COUNSEL FOR PLAINTIFF** | 191 Peachtree Street, N.E., Suite 4800 |
| | Atlanta, GA 30303 |

|  | Telephone Number:  404.881-1300<br>Facsimile:  404.870.1732<br>Email: craig.cleland@ogletree.com<br>erika.leonard@ogletree.com<br><br>**COUNSEL FOR DEFENDANT** |
|---|---|

\* \* \* \* \*

DONE AND ORDERED.

Signed: April 5, 2018

_____
David C. Keesler
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JORDAN MOSEMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendant. | C.A. No. 3:17-cv-00481-FDW-DCK |

**EXHIBIT A TO CONSENT ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION**

I hereby certify that I have carefully read the Consent Order Governing the Exchange and Protection of Confidential and Highly Confidential Information (the "Protective Order") in the above-captioned case and that I fully understand the Order's terms. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I also agree to be subject to the personal jurisdiction of this Court for the purpose of enforcing this certification and the Protective Order.

Dated this ____ day of_____, 20__.

Signature: _____

Name: _____

Affiliation: _____

Address: _____

_____