UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00481-FDW-DCK

| | |
|---|---|
| JORDAN MOSEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| U.S. BANK NATIONAL ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Conditional Certification and Judicial Notice under 29 U.S.C. § 216(b). (Doc. No. 26). Plaintiff seeks conditional certification under the Fair Labor Standards Act ("FLSA") of two collective classes defined as:

> (1) All individuals who worked for U.S. Bank through staffing agencies as hourly-paid AML/BSA Preliminary Investigators, or any equivalent position, at any location in the United States during the period from three years prior to the entry of the conditional certification order to the present; and
> (2) All individuals who worked for U.S. Bank as AML/BSA Investigators, or any equivalent position, and were classified as exempt employees at any location in the United States during the period from three years prior to the entry of the conditional certification order to the present.

(Doc. No. 26). Defendant U.S. Bank National Association objects to Plaintiff's Motion. (Doc. No. 31). After the parties fully briefed the Motion, the Court held a hearing on the Motion on June 11, 2018. The Motion is now ripe for resolution.

As stated by the Supreme Court when addressing Section 216(b) of Title 29, a "collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources" and benefits the judicial system "by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1983) (addressing action under the Age

Discrimination in Employment Act of 1967, which incorporates 29 U.S.C. § 216(b) through 29 U.S.C. § 626(b)).

> These benefits, however, depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate. Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure. See Fed. Rule Civ. Proc. 83.

Id. Therefore, the Supreme Court recognized that "it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time[,]" id. at 171, and held "that district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) (1982 ed.) . . . by facilitating notice to potential plaintiffs[,]" id. at 169.

The Court, in the exercise of its discretion, concludes that Court approval of a notice to both proposed collectives when limited to individuals who worked for Defendant at the Charlotte office is appropriate on this record. As to both classes, Plaintiff has plead, attested to facts, and filed documentation supporting a plausible FLSA claim on behalf of similarly situated plaintiffs who worked at the division office in Charlotte, North Carolina. (See Doc. Nos. 26-3, 26-8, 26-10). Plaintiff has made a sufficient showing of a common policy or practice. See e.g., Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) ("The court may send this notice after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" (citation omitted)); McLaurin v. Prestage Foods, Inc., 271 F.R.D. 465, 469 (E.D.N.C. 2010) (same). However, nationwide notice is not appropriate given the lack of nationwide evidence of wrongdoing. Plaintiff only worked in the Charlotte office, and only Plaintiff filed an affidavit. (Doc. No. 26-3). Cf. O'Donnell v. Robert Half Int'l,

Inc., 429 F. Supp. 2d. 246, 250-51 (D. Mass. 2006) (finding Plaintiff's showing for nationwide notice insufficient). Further, the size of the purported national class as stipulated by the parties is substantial, and discovery closes in a few months. Both the Court's ability to orderly oversee the joining of parties and the parties' ability to timely complete discovery would be hindered. See generally Sperling, 493 U.S. at 170; Mickles v. Country Club, Inc., 887 F.3d 1270, 1280 (11th Cir. 2018) (affirming denial of conditional certification and notice as untimely).

The Court also declines to grant Plaintiff's request to "conditionally certify" the collective action. Conditional certification of a collection action is not required by the FSLA, the Supreme Court, or the Fourth Circuit. Cf. Mickles, 887 F.3d at 1278 (holding that conditional certification is not required to become a party plaintiff in light of the plain language of section 216(b) and the Supreme Court's holdings). The FSLA is distinct from Rule 23 in many ways and the Court does not believe the term "conditional certification" embodies the discretionary case management involvement permitted under 29 U.S.C. § 216(b). "[U]nlike in a class action filed pursuant to Federal Rule of Civil Procedure 23 or a comparable state court rule, in a collective action under the FLSA, a named plaintiff represents only himself until a similarly-situated employee opts in as a 'party plaintiff' by giving 'his consent in writing to become such a party and such consent is filed in the court in which such action is brought.'" Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 758 (4th Cir. 2011) (quoting 29 U.S.C. § 216(b)).

Finally, as raised by Defendant, the Court concludes some modifications to Plaintiff's Proposed Notice (Doc. No. 26-2) are necessary.

> Court intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims. In exercising the discretionary authority to oversee the notice-giving process, courts must be

3

> scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.

Sperling, 493 U.S. at 174. To achieve this end, in addition to the modification to the proposed class, the Court orders the following modifications to the Proposed Notice of Collective Action Lawsuit (Doc. No. 26-2) (the "Notice"):

1. Omit the reference to "a collective action" in section I of the Notice.

2. Modify Section III to read "The Named Plaintiff sues on behalf of himself and seeks to also sue on behalf of other workers who are similarly situated."

3. Modify "VIII. YOUR LEGAL REPRESENTATION" to be "VII. LEGAL REPRESENTATION" and change the sentence "Unless you choose another lawyer, these attorneys would represent you in the lawsuit if you wish to join the lawsuit" to "You may be represented by these lawyers or obtain your own lawyer." (Doc. No. 31 at 12 (collecting cases)).

4. Add under VIII "Counsel representing the Defendant U.S. Bank National Association in this lawsuit are" and list their names, firm, address, and contact information as done for Plaintiff's counsel. (See Doc. No. 31 at 13-14 (collecting cases)).

5. The Court also declines to grant Plaintiff's request to send additional notices or duplicative notices by email. Given the timing of the Notice, the Court believes repetitive unsolicited contact with potential party plaintiffs after the initial Notice by First Class Mail may create the appearance of undue Court involvement in the solicitation of claims. Similarly, the Court finds duplicative notice by email inappropriate. (See Doc. No. 31 at 14 (collecting cases)).

6. The Court also sets the deadline of August 24, 2018 for opting into this action.

THEREFORE, consistent with this Order, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Conditional Certification and Judicial Notice under 29 U.S.C. § 216(b) (Doc. No. 26). The Court approves Plaintiff's issuance of a notice consistent with this Order and sets the deadline for opting into this action as August 24, 2018.

IT IS SO ORDERED.

Signed: June 12, 2018

Frank D. Whitney
Chief United States District Judge